PEOPLE *ex rel.* DAY *v.* MOUNT MAGDALEN SCHOOL OF INDUSTRY.

(*Supreme Court, General Term, Third Department.*   December 11, 1889.)

1. DISORDERLY CHILD—ARREST AND COMMITMENT.
   Pen. Code N. Y. § 291, which enumerates various acts and conditions of children for which they may be arrested and committed to any reformatory, and provides that any child coming within the descriptions mentioned may be arrested "as a vagrant, disorderly, or destitute child," was amended in 1886 by omitting the words quoted.   *Held,* that a commitment under this section, on a charge of "being a disorderly child," was illegal, as that is not one of the grounds mentioned.

2. SAME.
   The provision of section 291, that "whenever any commitment of a child shall * * * be adjudged or found defective a new commitment of the child may be made or directed by the court or magistrate, as the welfare of the child may require," does not authorize another magistrate, almost two years after the commitment, and after a writ of *habeas corpus* has issued, on finding that the commitment was defective, to commit the child for a different offense mentioned in the section, without having the child brought before him, and without any new examination, or legal evidence of what occurred at the former examination.

Appeal from special term, Rensselaer county.

Petition for *habeas corpus* by Margaret Day against the Mount Magdalen School of Industry, to deliver Mary Day from the custody of the latter.   Following is the opinion of the court below on the hearing:

"EDWARDS, J.   The arrest and commitment of Mary Day were made under section 291 of the Penal Code.   That section enumerates various acts and conditions of children, under 16 years of age, for which they may be arrested and brought before a proper court or magistrate, by whom they may be committed to any incorporated charitable reformatory or other institution.   There is no question that the defendant is a proper institution to receive and care for this child, if she was properly committed.   The question is as to the validity of the warrant of commitment by virtue of which she is detained.   This warrant was made by M. H. Myers, assistant police magistrate of Troy, and is dated October 24, 1887.   It recites that Mary Day was brought before him, charged 'with being a disorderly child,' and that she had been 'duly arraigned and tried upon such charge.'   The statute nowhere provides that one may be arrested, convicted, and committed to such an institution on the charge of 'be-

v.7 N.Y.S.no.14—47

ing a disorderly child.' Prior to 1886 this section provided that a child coming within any of the descriptions or doing any of the acts therein mentioned might be arrested ' as a vagrant, disorderly, or destitute child.' The amendment of 1886 omitted the words in quotation. The magistrate has no jurisdiction to commit, except for one of the several causes enumerated in the section. Being a disorderly child is not one of these. I think, therefore, that the commitment was illegal. This is one of the grounds on which the relator, who is the mother of the child, asks for her discharge.

"The counsel of the defendant, evidently appreciating the fact that this warrant of commitment is defective, seeks to have the child detained by virtue of another warrant of commitment, made by another magistrate, after the writ of *habeas corpus* herein was allowed and served. This last warrant is dated July 29, 1889, and is made by William Donohue, police magistrate of Troy. It recites that Mary Day had been brought before him,—which, however, is conceded by defendant's counsel on the argument to be an error; recites a conviction by Michael H. Myers on October 24, 1887; and that the commitment by Myers ' is defective, in that it describes the said Mary Day with being charged with being a disorderly child.' It then orders and adjudges ' that a new commitment be made, and that the said Mary Day be convicted of frequenting houses of prostitution, and being in concert saloons, dance-houses,' and of various other acts,—all of which are enumerated in section 291 of the Penal Code as causes for which a child under 16 years may be committed. Doubtless this was done under the provision of section 291 which says: 'Whenever any commitment of a child shall, for any reason, be adjudged or found defective, a new commitment of the child may be made or directed by the court or magistrate, as the welfare of the child may require.' The purpose is to permit the committing magistrate to make a new commitment where the child has been regularly arrested, brought before him, convicted of some act mentioned in the section, and the commitment made by him thereupon is found to be defective. In this case we have another magistrate, nearly two years after the conviction, after a writ of *habeas corpus* has been served, finding that the commitment is defective, making out a new commitment for a different offense; and this, without having the child brought before him, without any new examination or legal evidence, without legal evidence or even personal knowledge of what occurred on the former examination, or that the charge against the girl was different from that specified in the warrant of commitment. A bare statement of the facts is all that is necessary to make the error apparent.

"The defendant sets up an adjudication on the merits by the county judge of Rensselaer county in November last, on return to a writ issued upon the application of the father of the child. Although previous adjudications in proceedings by *habeas corpus* are no answer to a new writ, (*People* v. *Brady,* 56 N. Y. 182,) yet, if there had been such adjudication by the learned judge, I would at least hesitate to entertain these proceedings, but it now clearly appears that there was no such adjudication. Indeed, this question was not presented to him. For the reasons stated, Mary Day must be discharged."

The people and defendant appeal.

Argued before LEARNED, P. J., and LANDON and FISH, JJ.

*James H. Ryan,* for defendant. *Lewis E. Griffith,* Dist. Atty., for the People. *J. S. Wheeler,* for relator.

No opinion. Judgment affirmed, on opinion of court below.